# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN HACKETT,<br><br>                               Plaintiff,<br><br>v.<br><br>ALL THINGS BBQ, INC., and<br>and DONALD E. CARY,<br><br>                             Defendants. | Case No. 6:20-cv-1225<br><br>Demand for Jury Trial<br><br>Designation of Place of Trial:<br>Wichita, Kansas |

## **COMPLAINT**

Plaintiff, John Hackett, by and through counsel, brings this action against the Defendants, All Things BBQ, Inc. and Donald E. Cary, for unpaid overtime premium pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§201, *et seq.* ("FLSA"). In support of his claims, Plaintiff alleged as follows:

1. Plaintiff John Hackett is a citizen and resident of Sedgwick County, Kansas.

2. Defendant All Things BBQ, Inc. ("ATBBQ") is a Kansas for-profit corporation, organized and existing under the laws of the State of Kansas. It was, prior to a Certificate of Conversion filed with the Kansas Secretary of State on or about May 14, 2020, a limited liability company. ATBBQ can be served by service upon its Resident Agent, Jeffrey L. Willis, at its Registered Office, 727 N. Waco, Suite 585, Wichita, Kansas, 67203, or at its primary place of business, 818 W. Douglas, Wichita, Kansas 67203.

3. Defendant Donald E. Cary ("Cary") is a resident of Sedgwick County, Kansas. He is the owner, manager, and director of ATBBQ. Cary exercised significant managerial control over the operations, policies, and procedures of ATBBQ, including the manner in which ATBBQ compensated Plaintiff and other employees. In exercising his roles as owner, president, and

general manager of ATBBQ, Cary acted directly in the interests of ATBBQ in relation to Plaintiff's employment.

4. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Personal jurisdiction exists over the Defendants because Defendants conduct business and have a systemic and continuous presence within this District.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the Defendants have an office, conduct business, and can be found in the District of Kansas, and the causes of action set forth herein occurred in the District of Kansas.

7. ATBBQ operates a retail barbeque and outdoor cooking and supply store in Wichita, Kansas.

8. As part of its business operation, ATBBQ contracts for the design, sale, and installation of custom outdoor kitchens, pergolas, and other fixtures.

9. Plaintiff was employed by ATBBQ as a construction and installation technician from October 2018 through May 2020. Plaintiff performed construction and installation at customer locations, as well as facility improvements and maintenance at the ATBBQ premises and elsewhere.

10. During the period of time that Plaintiff worked at ATBBQ, both ATBBQ and Cary were his employers for purposes of the FLSA.

11. ATBBQ is an enterprise engaged in interstate commerce for purposes of the FLSA because its annual gross volume of sales and business done is not less than $500,000.00, and because it employs two or more employees who are afforded individual coverage under the FLSA and because it employs two or more employees who handle, sell, and otherwise work on goods

and materials that have been moved in or produced for commerce. Specifically, ATBBQ employees perform service, installation, and sales of goods utilizing parts and products that were produced in and procured through interstate commerce.

12. Plaintiff was engaged in interstate commerce for purposes of the FLSA each week that he was employed by Defendants. Specifically, Plaintiff routinely performed construction, maintenance, and installation utilizing parts and products and tools that were produced in and procured through interstate commerce.

13. While employed by Defendants, Plaintiff frequently or always worked in excess of forty hours per workweek.

14. Throughout his employment, Defendants paid Plaintiff a flat weekly sum, regardless of the amount of hours in excess of forty Plaintiff worked.

15. Defendants failed and refused to pay Plaintiff overtime premium pay for all hours worked in excess of forty per workweek.

16. At all times while employed by Defendants, Plaintiff was an employee covered by the FLSA and was not exempt from the FLSA's overtime premium pay requirements.

17. Defendants' failure and refusal to pay overtime premium pay for all hours worked by Plaintiff in excess of forty per workweek is in violation of the FLSA.

18. Defendants' violations of the FLSA are flagrant, intentional, and willful.

19. Plaintiff has been damaged by Defendants' unlawful conduct.

WHEREFORE, Plaintiff prays for an award of all unpaid overtime premium due him as a result of Defendants' illegal compensation policy, an equal amount as liquidated damages, prejudgment and post-judgment interest, attorneys' fees, costs and expenses incurred in litigating this action, and any other relief that the Court deems just and equitable.

**Plaintiff demands trial by jury, and he designates Wichita, KS as the place of trial.**

DATE: August 20, 2020.

                                                          SUBMITTED BY:

                                                          GRAYBILL & HAZLEWOOD, LLC

                                                              /s/ Nathan Elliott
                                                        Sean M. McGivern, #22932
                                                        Nathan R. Elliott, #24657
                                                        218 N. Mosley
                                                        Wichita, KS 67202
                                                        Telephone: (316) 266-4058
                                                        Facsimile: (316) 462-5566
                                                        sean@graybillhazlewood.com
                                                        nathan@grabillhazlewood.com
                                                        *Attorneys for Plaintiff*