IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN HACKETT,<br><br>        Plaintiff,<br><br>v.<br><br>ALL THINGS BBQ, INC. et al.,<br><br>        Defendants. | CASE NO. 6:20-cv-01225-JAR-GEB |

**SUPPLEMENTAL MOTION AND MEMORANDUM OF LAW
IN SUPPORT OF APPROVAL OF FLSA SETTLEMENT AGREEMENT**

The parties supplement the prior Motion and Memorandum of Law in Support of Approval of FLSA Settlement Agreement to add an analysis of the appropriateness of attorney's fees as follows:

The Parties seek approval of the attorney's fees as reasonable. The court in *Energren v. KC Lodge Ventures, LLC,* succinctly explains the Tenth Circuit's analysis to determine reasonableness of attorney's fees:

> "To determine the fee award's reasonableness, 'the Tenth Circuit applies a hybrid approach, which combines the percentage fee method with the specific factors traditionally used to calculate the lodestar.' *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995). This method calls on the court to calculate a lodestar amount, "which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Solis v. Top Brass, Inc.,* No. 14-cv-00219-KMT, 2014 U.S. Dist. LEXIS 122502 at *4 (D. Colo. Sept. 3, 2014). The hybrid approach also requires the court to consider the factors set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Berferon,* 489 U.S. 87, 109 S. Ct. 939 (1989). Those factors are: (1) time and labor required; (2) novelty and difficulty of the questions presented in the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Barbosa v. Nat'l Beef Packing Co., LLC.,* No. 12-2311-KHV, 2014 U.S. Dist. LEXIS 144439, at *7 (D. Kan. Oct. 10, 2014)."

*Enegren v. KC Lodge Ventures, LLC,* 2019 U.S. Dist. LEXIS 177192, *25 (Kan. 2019). Just as in *Enegren*, the settlement regarding attorney's fees satisfies each of these factors. The Parties will address each factor.

Before applying the factors, it is important to note that the amount designated in the Confidential Settlement Agreement as payment for attorneys' fees is inclusive of the out-of-pocket expenses advanced by Plaintiff's counsel, and thus, could have more accurately been referred to as "payment for costs and attorney's fees." Plaintiff's counsel advanced the following expenses:

| | |
|---|---:|
| Federal Court filing fee | $400.00 |
| Process server for service upon Don Cary[1] | $58.86 |
| Transunion address search | $5.00 |
| Mediator's fee | $1,068.75 |
| Total Advanced Expenses | $1,532.61 |

Thus, Plaintiff's counsel's fees were the amount set forth in the Confidential Settlement Agreement ($20,000.00), less $1,532.61 for reimbursement of expenses, for a total fee award of $18,467.40.

**(1) <u>Time and Labor Required</u>**

Plaintiff's counsel began representing Plaintiff in early-June 2020. From the beginning of that representation, through June 8, 2021, Plaintiff's counsel devoted a total of 74.2 attorney hours representing Plaintiff. Nathan Elliott devoted 51.8 hours to this matter, billing at $275 per hour. Sean McGivern devoted 22.4 hours to this matter, billing at $325 per hour. Mr. McGivern has 15 years of experience, much of which has been spent litigating employment disputes. Mr.

---

[1] Plaintiff's counsel first sought Mr. Cary's agreement to waive service. But Mr. Cary's then-counsel was unwilling or unable to obtain Mr. Cary's consent, so Plaintiff was forced to retain a process server.

Elliott has 10 years of experience, and has represented many employees in wage and hour litigation. Additionally, Plaintiff's counsel's paralegal spent considerable time on this matter, but her time was not recorded.

Tasks involved and time invested include:

- 10.0 hours prior to the commencement of litigation, vetting Plaintiff and his potential claims through review of records and applicable law, preparing correspondence to Defendants regarding Plaintiff's claims and their obligation to preserve records, and substantial communication with Defendants' "general counsel" in an unsuccessful attempt to obtain information for the sake of resolving this matter without litigation.

- 5.1 hours preparing pleadings, reviewing Defendants' filings, reviewing court orders, preparing the parties' planning report, participating in the parties' planning conference and participating in the scheduling conference.

- 24.8 hours preparing Initial Disclosures, reviewing Defendants' Initial Disclosures, preparing Interrogatories and Requests for Production to Defendants, preparing responses to the Court's Interrogatories, gathering documents for production through discovery, preparing responses to Defendants' Interrogatories and Requests for Production, reviewing Defendants' Responses and Objections to Plaintiff's Interrogatories and Requests for Production, reviewing and analyzing over 5,000 pages of documents produced by Defendants; and corresponding with defense counsel regarding discovery issues.

- 15.2 hours preparing mediation submissions, corresponding with the mediator, meeting with Plaintiff in preparation for mediation, and attending mediation, which resulted in settlement.

- 9.4 hours of various matters including meetings with and communications with Plaintiff, communications with defense counsel, arranging and communicating with process server, and communications with the Court.

- 9.7 hours after mediation and prior to this Supplemental Brief, communicating with defense counsel, reviewing and revising draft settlement agreements, meeting with Plaintiff regarding the lengthy Confidential Settlement Agreement, and reviewing and revising the parties' Joint Motion for Settlement Approval.

A court calculates the lodestar by ascertaining the number of hours reasonably billed and then multiplies that figure by an appropriate hourly rate. The lodestar amount is $21,525.00. The Parties are only requesting $18,467.40 in attorneys' fees, which is only 86% of the lodestar amount. This factor favors court approval of the attorney's fees.

**(2) Novelty and Difficulty of the Questions Presented**

Wage and Hour litigation involves a complex blend of statutory and regulatory requirements that require skilled and experienced counsel. Additionally, this case is not just a normal wage and hour case claiming unpaid overtime premium. This case involves whether the Executive and Administrative Exemptions apply to Plaintiff. Due to the complex nature of the exemptions, the Department of Labor has issued fact sheets addressing the exemptions in general, the Executive Exemption specifically, and the Administrative Exemption specifically. Caselaw is continuously evolving in this area. This factor favors court approval of the attorney's fees.

**(3) Skill Requisite to Perform the Legal Service Properly**

Plaintiff's counsel regularly handles FLSA litigation. Plaintiff's counsel are knowledgeable about the FLSA's requirements and how those issues are litigated. They brought

that skill and experience to bear as evidenced by the Confidential Settlement Agreement and Release of All Claims Including a Release of Wage and Hour Claims and the Joint Motion and Memorandum of Law in Support of Approval of FLSA Settlement Agreement. The skill required for this case is higher than the typical FLSA case since the case involves the Executive and Administrative Exemptions. The skill required to litigate this case favors court approval of the attorney's fees.

**(4) Preclusion of Other Employment**

Applying this factor quite literally, all hours invested into this matter were hours that could have and would have been invested into other matters, had Plaintiff's counsel not undertaken this representation. But Plaintiff's counsel certainly do not contend that this case was so consuming of time or resources that it precluded accepting other clients.

**(5) Customary Fee**

Even though the Tenth Circuit applies a hybrid approach to determine reasonableness of fees, the customary fee award is typically a percentage. See *Energren v. KC Lodge Ventures, LLC,* 2019 U.S. Dist. LEXIS 177192, *30 (Dist. Kan. 2019). Fee awards in similar cases ranged from 4 percent to 58 percent and from a few thousand dollars to over five million dollars. *Id.* The Parties request for $18,467.40 in attorney's fees represents comprising 42 percent of the net settlement amount. Including reimbursement of advanced expenses ($1,532.60), the total attorneys' fees and costs were $20,000.00, which is 44 percent of the total settlement amount. This factor favors court approval of the attorney's fees.

**(6) Whether the Fee is Fixed or Contingent**

"When considering the sixth *Johnson* factor, courts ask whether Plaintiff agreed to a fixed or contingent fee because the percentage of the recovery agreed helps illuminate the

attorney's fee expectation when counsel excepted the case, even though "such arrangements should not determine the court's decision."  Here, Plaintiff's counsel undertook this representation on a contingency fee basis, and also advanced all necessary expenses.  Had there been no recovery, Plaintiff's counsel would not have received any fee.  Without attorneys that were willing to accept the risk inherent in contingency fee arrangements, it is highly doubtful that Plaintiff would have been able to assert his claims and would not have received a recovery.  This factor favors court approval of the attorney's fees.

**(7) Any Time Limitations Imposed**

Plaintiff's counsel do not contend that Plaintiff or this litigation imposed any unusual time limitations upon them.

**(8) Amount Involved and the Results Obtained**

Plaintiff's counsel secured a favorable result for their client.  Plaintiff's Counsel secured $25,000 for Plaintiff in the settlement.  This is a good outcome for Plaintiff.  Plaintiff is very pleased with the results obtained by his attorneys.  And, Defendants contested their liability, so the ultimate outcome of this litigation if it had not settled remained in doubt.  Just like in *Enegren*, "This settlement avoids the uncertainty and rigors of trial and produces a favorable, certain result for [Plaintiff].  This factor favors court approval of the attorney's fees.

**(9) Experience, Reputation, and Ability of the Attorney's**

The Parties have already discussed the experience, reputation, and ability of Plaintiff's counsel above.  Plaintiff's counsel have experience litigating employment cases, particularly FLSA cases.  This factor favors approval of the attorney's fees.

**(10)  Undesirability of the Case**

Because this matter was undertaken on a contingency fee basis with counsel advancing necessary expenses, this case could be considered undesirable to some attorneys, but it wasn't to Plaintiff's counsel.  Plaintiff's counsel believed in the merits of Plaintiff's claims, and enjoyed representing Plaintiff.

**(11)  Nature and Length of the Professional Relationship with the Client**

"The meaning of this factor . . . and its effect on the calculation of a reasonable fee has always been unclear, and courts applying the *Johnson* factors typically state that this particular standard is irrelevant or immaterial."  *Enegren v. KC Lodge Ventures, LLC*, 2019 U.S. Dist. LEXIS 177192, *33 (Dist. Kan. 2019).  Plaintiff's counsel had never represented Plaintiff prior to this matter.  Plaintiff anticipates turning to Plaintiff's counsel again in the future for any legal issues that he may encounter.

**(12)  Awards in Similar Cases**

The Parties request $18,467.40 in attorney's fees and $1,532.60 in expense reimbursement, which is 44 percent of the settlement.  The attorney's fees are 42 percent of the settlement.  The attorney's fees requested in this settlement are very similar to the attorney's fees this Court approved in *Hammond v. Lowe's Home Centers,* Case No. 02-2509-CM (D. Kan. Sept 29, 2006).  This Court explained in *Payson v. Capital One Home Loans, LLC,* that the Court approved the attorney's fees of 42.2% because the Defendants paid the attorney's fees rather than it being merely a contingent fee arrangement.  2009 U.S. Dist. LEXIS 25418 (Dist. Kan. 2009).  Just as in *Hammond*, the Parties agree the attorney's fees are reasonable and the Defendants agree to pay the attorney's fees.  The Defendants have actually already paid the attorney's fees.  In *Energren v. KC Lodge* Ventures, *LLC,* the court approved attorney's fees of

$120,000, which were 40 percent of the settlement. In 2009, the court in *Payson v. Capital One Home Loans, LLC,* the court approved attorney's fees of 40 percent of the settlement. 2009 U.S. Dist. LEXIS 25418 (Dist. Kan. 2009). In 2012, the court in *Rodriguez v. Skechers U.S.A.,* approved a $20,000 attorney fee award in a single-plaintiff wage and hour case, which was a 35 percent contingency case. 2012 U.S. Dist. LEXIS 18534 (Dist. Flo. 2012). In 2015, the court in *Sanchez v JMP Ventures, LLC*, approved $53,333, which represented one-third of the settlement. 2015 Lexis 16026 (Dist. S.N.Y. 2015).

The Parties request the court find $18,467.40 in attorney's fees and $1,532.60 in expense reimbursement reasonable pursuant to the *Johnson* factors and lodestar amount.

| | |
|---|---|
| /s/ Nathan Elliott (w/consent) | /s/ Mitch Spencer |
| Sean M. McGivern, KS # 22932 | Alan L. Rupe, KS # 10861 |
| Nathan R. Elliott, KS # 24657 | Mitch J. Spencer, KS # 27570 |
| GRAYBILL & HAZLEWOOD, LLC | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 218 N. Mosley | 1605 N. Waterfront Parkway, Suite 150 |
| Wichita, Kansas 67202 | Wichita, Kansas 67206 |
| Telephone:   316-266-4058 | Telephone:   316-609-7900 |
| Facsimile:    316-462-5566 | Facsimile:    316-462-5746 |
| sean@graybillhazlewood.com | alan.rupe@lewisbrisbois.com |
| nathan@graybillhazlewood.com | mitch.spencer@lewisbrisbois.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |